Good morning, Your Honours. May I please support Asil Mashiri for the appellant plaintiff? May I reserve three minutes? You may do so, but keep track of your own time, counsel. You have the clock in front of you there. Thank you, Your Honour. There are several issues in this case, and I want to address the two issues that the court ordered the parties to talk about. The first issue is whether 20 U.S.C. 1082-A2 bars a mandamus action, and the answer to that question is no. And the reason it's no is because the anti-injunction clause in 1082-A2 does not include, does not bar a mandamus. It doesn't say it. But it says, injunctive relief and other similar process. What, is it mandamus? If it's not injunctive, it's certainly a similar process, isn't it? I think what the legislator, he meant is similar process, and it's maybe a TRO or preliminary injunction, something to that extent. I think if we extend it to the mandamus, that that will cause several problems, and here's why. First, the one simple loan case that the court pointed out in its order stated that a mandamus, in that case, it stated that the mandamus action will fall under that clause, Your Honour. That's what it said. But what it also said on footnote 5 is that it did not meet the qualification of a mandamus. So what the court did, one simple court basically did is it looked at the case, it said, well, this person brought a mandamus action, but really it's not a mandamus action because it didn't meet the elements, and that's what footnote 5 says. And then what it did is, well, we're going to treat it like an injunction. And so then it treated it like an injunction, and what it did, it kind of said, well, it doesn't work here because it's an anti-injunction clause. And in addition to that, Your Honour, is that it cited to a Ninth Circuit case. It didn't cite any other authority. It cited the Ninth Circuit case. And when it cited the Ninth Circuit case, that Ninth Circuit case, the Riley case, it never said that a mandamus action is just like an injunction. What it did say is, what it did do in that case is it took a declaratory action and it said, well, the declaratory action is just like an injunction, so we're going to treat it like an injunction. But the reason for that, the reason the Court did that is because when it looked at the case, and the Court explained that, I think, in footnote 3, is that what happened in that particular case, the plaintiff had brought an injunction, and it apparently didn't work. And so what they did is they renamed the lawsuit, making it a declaratory relief, and re-brought the action. And so the Court, the Ninth Circuit didn't like that. And so I think that's the reason why the ruling was the way it was. In addition to that, a mandamus action is very specific. It's not an injunction. There's a difference between an injunction and a mandamus action. And the difference is this, is that under the mandamus, before I do that, I'm sorry, Your Honor, it's that, you know, if we rule, if this Court rules and extends this anti-injunction clause to mandamus action, it will be contrary to policy. And the policy is that if a government, if an agency or a secretary owns a duty to a plaintiff, that plaintiff has a right under mandamus to force that government to do what they're supposed to be doing, if it's non-discussionary. If we just say that, if we take a step back and say, well, mandamus, we're going to use mandamus as an, we're going to treat mandamus as an action, it doesn't matter. Then this person, then the whole purpose of mandamus is eliminated. And also what happens is that the person has no other recourse. So he can't bring an injunction if the government doesn't do what they're supposed to be doing. He can't bring an injunction. He cannot now, cannot bring a mandamus action because the anti-injunction clause prevents him from doing it. And he cannot bring a declaratory relief under Riley because a declaratory relief could be interpreted as an injunction. So therefore, there will be no recourse for this person. Now, the second issue in the Court wanted to ask is, well, isn't this mandamus case equivalent to a mandatory injunction? And the answer to that is no as well. And the reason it's no is because the difference between a mandamus, as I pointed out earlier, is that it's very specific. And it's to compel an agency or officer to perform a duty on to a plaintiff. An injunctive relief, on the other hand, as the First Circuit pointed out, is that it's basically a coercive order by a court directing a party to do or refrain from doing something. So it's more general. It can tell a party. That party could be anyone. But the mandamus is very specific under 28 U.S.C. 1361. So now, under the excerpt on page 15, the government had cited the case of Swan v. Clinton and then also the Smyth case and the proposition that mandatory injunction and mandamus are interchangeable. And that's correct. But in all of those cases, what happened was the party brought an injunction. And the court looked at it and says, well, you bring an injunction here, but really what you're asking is a mandamus. So what they did is they took this injunction and applied the mandamus test because really what they were doing is they were trying to compel a government agent to do something. So all these cases stand for the fact that an injunction was brought and then it was interpreted as a mandamus. It wasn't the other way around where a mandamus was brought and said, well, we're going to interpret it like an injunction. It cannot be because the mandamus is very specific compared to the injunction. Counsel, I'm interested in whether you qualify for the loan, assuming we resolve those other issues in your favor. Why aren't you prohibited under section 1091 sub 5? Well, Your Honor, we have two, as you pointed out, we have two statutes. And now I'm not going to 1641. Right. I don't see how you can come with any other statute. Well, the 1641, I cannot qualify under that. So you're not arguing that you qualify under 1641? Exactly. That's not what I'm arguing here, Your Honor. What I'm arguing here is I qualify under 1091A5 and under the phrase of provide evidence from the INS that he or she is here in the U.S. for other than a temporary purpose with the intention of becoming a seasonal permanent resident. Now, this is a very broad language. But be specific. Where was your evidence? Well, the evidence that I presented was documentation. It was the Ninth Circuit, prior Ninth Circuit opinion. It was the I-730 that was filed. It was, and I think I list them all. It was also the work authorization that I filed, the withholding of, not the withholding, excuse me, the termination of deportation. All of these, all of these documents show that this, you know, if you look at the entire document as a whole, that this person is here with an intent to become a permanent resident and organized citizen. Now, I want to point something out. And I want to point something out that under 8 U.S.C. 1641, there is a section about withholding of deportation. So what it says that the person whose deportation has been withheld is eligible for federal benefits, which includes student loans. But a person under that would not be entitled to federal student loans under 8.5, because 8.5 says evidence that you're here with an intent to become a citizen or a permanent resident. A person whose deportation is withheld doesn't have any documents. He cannot change status from that, from a withholding of deportation. You cannot change status. In other words, you cannot become a permanent resident and or a united citizen. You cannot. So, therefore, there's no intent there. So the statutes conflict. And what I'm asking the court, I pointed out that the statutes are conflicting, but I don't think I put that in my brief. Why isn't this all just an in-court expectation? If you were a beneficiary of a trust that when your grandpa dies, you will get a certain reward, but he hasn't died yet. So you're still just, you have an expectation. And that's all, so far, all you've proved with all these documents is that you have an expectation. And sometimes somebody in the bureaucracy is going to say, okay, now you're here, and you're legitimate, and now you're entitled. But that hasn't happened yet. Grandpa hasn't died yet. But if you look at the language, it says provide evidence with an intent to become a U.S. citizen. It's clear that from the- Surely intended. There's an intent. But the paperwork hadn't been finished over in the bureaucracy where they control that. Right. And don't you have to wait until that's finished? You're making an improvident loan on the expectation you're going to have some money to pay it off, but it doesn't happen. It hasn't happened yet. Right, but the statute doesn't say that you have to, that it has to happen. It just says that to have evidence to show intent to be here other than a temporary purpose. The evidence from the Immigration Authority. Right. Not from your collection of papers that you put together. Well, most of these documents were from the Immigration. I mean, the fact that the deportation order was canceled, the fact that there was an I-730 filed, the fact that the Ninth Circuit had ruled and remanded the same matter on the petitioner's case. These are all documents. This is evidence. And, again, it says provide evidence. So this evidence. It's all evidence that you're on your way. You're making progress. You're not there yet. Well, the statute, if you're reading it, all it needs to show that you're here with an intent to become a permanent resident and a United States citizen. So we can't put... Well, the documents need to show, sorry to interrupt, that you're here for other than a temporary purpose. Exactly. And if you look at this, Ninth Circuit remanded the case on the document. Ninth Circuit remanded the case on one hand. On the other hand, the immigration judge said, well, he's not going, you know, he won't be deported. On the other hand, there's an I-730 filed. On the other hand, the petitioner's mom was granted asylum on the same case. So if you look at the entire, I mean, you know, you have to look at the totality of circumstances here. All of the evidence, not just one. If we just look at one evidence, of course, that's a weak argument. But if you look at the entire picture, there's an intent. And number one. Number two, it is not, you know, up to the Department to interpret that. This interpretation needs to be done by this Court. And I want to reserve my two and a half minutes. You may do so, counsel. Thank you. We'll hear from the government. Good morning, Your Honors. Raven Norris with the U.S. Attorney's Office. And on behalf of the Secretary and the United States Citizenship and Immigration Services, I would like to first address the fact that the Higher Education Act's anti-injunction provision does clearly bar mandamus relief in this case. It is stated that an injunction, garnishment, or other similar process is not allowed against the Secretary, which is exactly what Mr. Micheri is requesting here. I don't think the District Judge got that wrong. That would be our position, Your Honor. I don't believe it was addressed by the District Judge necessarily. But you're asking for an affirmance. Correct. But you can affirm on any grounds, even if the District Court affirmed on different grounds or wrong grounds, as long as there is a basis for this Court to grant. Well, he just said it didn't state a claim for mandamus. Correct. And that would be the same position here. And I think the law is actually very clear that a mandatory injunction is equivalent to a mandamus relief request. Both the Tenth Circuit case, as noted by us, but also this Court in Fellini, noticed that when the nature of mandatory injunction is in the nature of mandamus, it will be given the same considerations. Given the comparison of the mandatory injunction and mandamus by this Court and several other courts, as well as the one simple loan case, I think it's clear that there is no relief under the Higher Education Act for what Mr. Micheri is requesting. Aside from the fact that whether he can get the injunction or mandamus relief, I think it should be noted, as the Court's touched on, that he just simply didn't meet the eligibility requirements for mandamus, or even because he did not have... Let me ask you about Section 1641. He tells us today that he's not relying on 1641. And I'm asking the government, isn't that fatal to his claim? He would not otherwise be a qualified alien, and therefore would not be eligible to participate in this program. Absolutely, Your Honor. That has been the position of the government throughout. And I know Mr. Micheri has indicated that he believes it conflicts with 1091. But I believe, as we fully briefed in our papers to the Court, there's clear legislative intent to limit the public benefits available only to qualified aliens. And that includes post-secondary loans. Okay. Now, is there a connection between 1641 and 1091? In terms of what I would... He's arguing he qualifies under 1091. He concedes he doesn't qualify under 1641. But where is the connection here? I would say that the connection, although there is no clear connection between the two, the subsequent rulemaking by the Secretary indicated, and I believe we briefed this in our papers as well, that they needed to take into account the INA. And as a result, 1091 does include a provision where they need to set up a verification process. And that's 1091G. With that verification process, the regs specifically set out requirements that Mr. Micheri must meet in order to be an eligible non-citizen. What regs are you relying on? 34 CFR and it's 668.130 through 139. In particular, 34 CFR 668.134 references the written specific documents of evidence that the institution must require Mr. Micheri to produce to them in order to show his qualifications for federal aid. I see. An institution shall furnish in writing. With that, Your Honor, as we would state in our papers, he never qualified for financial aid. Therefore, he did not have a clear right to financial aid and would not be entitled to mandamus relief. It should also be noted that he never pointed to a duty on behalf of the government, which is also a key requirement under mandamus action. And, in fact, as we noted in our papers, we would point to the regs that it is the institution that makes this determination. That is not to say he does not have an adequate remedy available. He would, our research indicates, be able to bring a claim under the APA or the Declaratory Judgment Act, which he did not do in this case. But he would have the opportunity to bring a new claim under those provisions. But under what theory of qualification? That would be the difficulty that he would be presented with. So you're not telling him that if he comes in the right door, you'll give him the loan? Correct. He did seem to, and I should clarify that, is he seems to believe that he could only bring mandamus, but he would have an opportunity to seek review of the decision. However, we would have, because he did not qualify, that decision would likely be upheld. You're just arguing the procedural route. Correct. All right. Anything further? Nothing further. We submit. Questions? No. Thank you. Mr. Mashiri, you have some reserve time. I'll make it quick. Okay. As far as the government just pointed out, the rules under 34 CFR 668.33 and various other rules, all of those, if the Court looks at those statutes or the rules, all they do is they copy the statute under 1091A5. That's what it does. Particularly, 668.33A2II copies 20 U.C. 1091A5. They use the exact same language. And I think in the opening brief, I had mentioned the Wilcox case, where the exact same thing happened there. When the government is trying to interpret a statute, no deference should be given to them when the government just copies the statute. The government never defined what this language means under 1091A5. What they did do is they copied that, put it on the rules, and then made up a handbook and just came up with this reason that, well, if it doesn't qualify under 1641, then you cannot get Federal Student Loans. The government cannot do that here because it did not interpret that language, and no deference should be given to them. The handbook and the regulations, they all refer to the statute 1091A5. It doesn't refer anywhere to 8 U.S.C. 1641. And what it simply does, it copies the statute. And, again, under Wilcox, you cannot do that, and no deference should be given to their interpretation. Therefore, the court shall interpret the meaning or remand the case to the district court and let the district court deal with what that means. Very briefly, the government pointed out the verification process. As I pointed out in my briefs, the verification process was really just to show that people don't lie about documentation, that people don't bring fake documentations, that they don't present false citizenships or green cards. That was really the reason for verification. Nowhere in there did it say that, well, you know, if you don't qualify under 8 U.S.C. 1641, you won't qualify under 1091A5. So that's that. Thank you, Counsel. The case just argued will be submitted for decision.
judges: Zouhary, Goodwin, O'Scannlain